**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| BANK OF COMMERCE & TRUST COMPANY, ) ) Plaintiff/Counterclaim ) Defendant, ) ) v. ) ) IRIS INTERNATIONAL, INC., ) ) Defendant/Counterclaim ) Plaintiff, ) ) and ) ) FIRST STATE BANK OF LIVINGSTON, ) TEXAS ) ) Third-Party Defendant. ) ) | **CIVIL ACTION** No. 09-1275-MLB |

**MEMORANDUM AND ORDER**

Before the court are the following:

1. Iris International Inc.'s ("Iris") partial motion to dismiss Counts I-IV and VI-VII of Bank of Commerce & Trust Company's ("Commerce") complaint for failure to state a claim upon which relief may be granted against Iris. (Doc. 33). The motion has been fully briefed and is ripe for decision. (Docs. 34, 36, 38).

2. Iris' partial motion to dismiss seven counts of First Bank of Livingston, Texas' ("First Bank") counterclaim based upon failure state a claim in which relief may be granted. (Doc. 39). The motion has been fully briefed and is ripe for decision. (Docs. 40, 47, 52).

## I. FACTS

Iris is a California corporation that manufactures and sells diagnostic urinalysis systems, digital imaging software development, and other medical supplies to medical and veterinary clinics throughout the United States. Between February 19 and May 17, 2004, Iris executed six Assignment of Claims agreements with Banc Corp. In the agreements, Iris assigned the right to receive payments from various veterans administration medical centers in the United States and Gallup Indian National Medical Center in Gallup, New Mexico to Banc Corp. Approximately one year later, Banc Corp assigned the leases to Commerce.[1]

In fall of 2007, Commerce attempted to ascertain what payments Banc Corp had received on the assigned leases and contacted the Veterans Administration vendoring division ("VA"). Commerce learned that the VA has also been contacted by First Bank and Peoples National Bank of Kewanee, Illinois. Commerce discovered that Banc Corp had assigned the identical leases to these banks nine months prior to its assignment of the leases to Commerce.

On March 3, 2009, Commerce wrote Iris requesting an accounting of payments that Iris and/or Banc Corp received on the leases. Iris provided no documentation. On September 9, 2009, Commerce filed its complaint against Iris alleging claims for: conversion and misappropriation, fraud and misrepresentation, breach of contract, breach of fiduciary duty, unjust enrichment, violation of the Kansas

---

[1] According to Exhibit B attached to Commerce's motion (Doc. 34-2), the assignment of the Gallup Indian Medical Center lease was to Dominique & Associates, 509 Old Northwest Hwy, Barrington, IL 60010, <u>not</u> to The Bank of Commerce. This discrepancy is not explained.

Securities Act, Violation of the Exchange Act of 1934, and punitive damages.

## II. 12(b)(6) STANDARDS

Defendants' motions are made pursuant to Federal Rule of Civil Procedure 12(b)(6). The standards this court must utilize upon a motion to dismiss are well known. To withstand a motion to dismiss for failure to state a claim, a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1953 (2009) (expanding Atl. Corp. v. Twombly, 550 U.S. 544, (2007) to discrimination suits); Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to the plaintiff. Archuleta v. Wagner, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon this court's consideration. Shero v. City of Grove, Okla., 510 F.3d 1196, 1200 (10th Cir. 2007). In the end, the issue is not whether the plaintiff will ultimately prevail, but whether he or she is entitled to offer evidence to support the claims. Beedle v. Wilson, 422 F.3d 1059, 1063 (10th Cir. 2005).

## III. ANALYSIS

**1. (Doc. 33)**

Commerce alleges that the language in Iris and Banc Corp's Instrument of Assignment of Claims established an agency relationship between those two entities. Specifically, Commerce focuses on the following paragraph:

> Assignor hereby irrevocably constitutes and appoints

-3-

>       Assignee the true and lawful attorney of Assignor to
>       demand, receive and enforce payments, and to give
>       receipts, releases and satisfactions, either in the name
>       of the Assignor or in the name of Assignee, in the same
>       manner and with the same effect as Assignor could do if
>       this assignment had not been made.

(Doc. 34 at 4). Commerce then alleges:

>       At all times herein, IRIS, either directly or indirectly
>       controlled Banc Corp in the sale, assignment, marketing
>       and management of equipment leases on its diagnostic
>       urinalysis systems and as such, is vicariously liable for
>       the intentional, wrongful and/or negligent acts of Banc
>       Corp while acting within the scope of this authority.

(Doc. 1 at 2).

"Agency is the fiduciary relationship that arises when one person (a 'principal') manifests assent to another person (an 'agent') that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents so to act." Restatement (Third) Agency § 1.01 (2006). An agency relationship may be either expressed or implied.

>       While an express contract may create an agency
>       relationship, conduct implying an agency relationship
>       serves just as well. An implied agency may exist if it
>       appears from the parties' words, conduct, or other
>       circumstances that the principal intended to give the
>       agent authority to act. An implied agency relationship
>       may exist notwithstanding either a denial of the agency
>       by the alleged principal or a lack of mutual
>       understanding of agency between the parties.

Kindergartners Count, Inc. v. DeMoulin, 249 F. Supp. 2d 1233, 1251 (D. Kan. 2003). That, of course, is what Iris is doing here: denying the existence of an agency relationship. An agreement between the parties or lack thereof is not conclusive of the existence of an agency relationship. Restatement (Third) Agency § 1.02 (2006). When an agency relationship exists, "the principal may be found liable for the fraudulent acts of its agent." Thompson v. Jiffy Lube Intern., Inc.,

-4-

505 F. Supp. 2d 907, 933 (D. Kan. 2007).

Commerce argues that it has pled the existence of an agency relationship between Iris and Banc Corp because Iris appointed Banc Corp as its "true and lawful attorney" to receive payments in the name of Iris. According to Commerce, this is sufficient to make the existence of an agency relationship plausible.

Iris responds that its relationship with Banc Corp is nothing more than that of an assignor/assignee. Iris claims that it assigned all its rights to receive payments on the various leases to Banc Corp and does not have any control over Banc Corp. Iris also points out that Commerce has presented no facts in its complaint suggesting that Banc Corp entered into lease agreements with Commerce in the name of Iris or on its behalf. Every lease agreement was executed in Banc Corp's name.

To survive a motion to dismiss, Commerce must allege enough facts to show that the existence of an agency relationship between Iris and Banc Corp is plausible. See Robbins, 519 F.3d at 1247 (citing Twombly and stating that "to withstand a motion to dismiss, a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face[]'"). Plausible is more than speculative but less than likely to be true. Id. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Twombly, 550 U.S. at 556.

At this stage, the court accepts the facts alleged by Commerce as true. While Commerce has not alleged specifically that Banc Corp entered into the lease agreements with Commerce on behalf of Iris,

that is not necessary for an implied agency relationship. Iris appointed Banc Corp as its "true and lawful attorney" to receive payments in its name. It may come to light in discovery that the contractual language which Commerce focuses on is nothing more than boilerplate in a pure (i.e. not agency) assignor/assignee contract. However, it is poor boilerplate and without more facts regarding Iris and Banc Corp's relationship, i.e. did Iris maintain any control over Banc Corp, the court finds, albeit very reluctantly, that Commerce has pled sufficient evidence of an agency relationship. Iris' motion to dismiss Counts I through IV is denied.

Iris also moves to dismiss Counts VI through VII because Commerce has alleged no facts that Iris offered an investment security to Commerce or identified any mis-statement of material fact made by Iris. Iris is correct in this regard. However, Commerce alleges that various lease agreements were assigned by Banc Corp to Commerce for money. The leases were rights to receive payment under the Assignment of Claims between Iris and Banc Corp. If an agency relationship exists, then Iris may be liable for the lease agreements between Banc Corp and Commerce. Therefore, Iris' motion to dismiss Counts VI through VII is also denied.

### 2. (Doc. 39)

On September 14, 2010, First Bank answered Commerce's complaint and filed a counterclaim against Iris. (Doc. 37). First Bank's counterclaims are almost identical to Commerce's claims against Iris. Iris moves to dismiss seven of the eight counts in First Bank's counterclaim for the same reasons stated in its motion to partially dismiss Commerce's complaint.

As discussed <u>supra</u>, the court reluctantly finds that First Bank has pled sufficient facts in its counterclaim such that an agency relationship between Iris and Banc Corp is plausible. Iris' motion to dismiss seven counts of First Bank's counterclaim is denied.

**IV.    ORDERS REGARDING DISCOVERY**

The court has discussed this case with Magistrate Judge Gale who will supervise discovery. Unless Judge Gale becomes aware of something which is not contained in the submissions before the court, it appears that discovery should be limited to whether an agency relationship existed between Iris and Banc Corp. There is nothing in the record to indicate that Iris had any contact, direct or indirect, with either bank. Depending on the outcome of this limited discovery, Iris may resubmit its motions under Fed. R. Civ. P. 56.

**V.     CONCLUSION**

For the reasons discussed more fully herein, Iris' partial motion to dismiss Counts I-IV and VI-VII of Commerce's complaint (Doc. 33) is denied. Iris' partial motion to dismiss seven counts of First Bank counterclaim (Doc. 39) is also denied.

A motion for reconsideration of this order is not encouraged. The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence. Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or

argued is inappropriate. <u>Comeau v. Rupp</u>, 810 F. Supp. 1172 (D. Kan. 1992). Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by this court in <u>Comeau</u>.

IT IS SO ORDERED.

Dated this <u> 3rd </u> day of November 2010, at Wichita, Kansas.

<u>s/ Monti Belot </u>
Monti L. Belot
UNITED STATES DISTRICT JUDGE