# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

BANK OF COMMERCE & TRUST COMPANY,

    Plaintiff/Counterclaim Defendant,

vs().

Case No. 09-1275-MLB-KGG

IRIS INTERNATIONAL, INC.,

    Defendant/Counterclaim Plaintiff,

and

FIRST STATE BANK OF LIVINGSTON, TEXAS,

    Third-Party Defendant.

## MEMORANDUM AND ORDER

Now before the Court is Plaintiff's Motion to Compel certain discovery responses from Defendant IRIS International, Inc. ("IRIS") and supporting memorandum of law. (Docs. 63, 64.) In light of previous rulings by the District Court, the motion is **GRANTED in part** and **DENIED in part, without prejudice** as discussed below.

## BACKGROUND

The facts and history of this case are summarized in the District Court's

Memorandum and Order (Doc. 66) denying IRIS's partial motion to dismiss Counts I-IV and VI-VII of Plaintiff's Complaint. That summary (*id.*, at 2-3) is incorporated herein by reference.

Prior to the District Courts denial of IRIS's motion to dismiss, Plaintiff filed the present motion, seeking an order compelling IRIS to respond to certain discovery requests. (*See generally* Docs. 63, 64.) The District Court's subsequent Memorandum and Order, however, included an order regarding discovery, limiting it to the issue of "whether an agency relationship existed between Iris and Banc Corp." (Doc. 66, at 7.) The District Court held that "[d]epending on the outcome of this limited discovery, Iris may resubmit its motions under Fed. R. Civ. P. 56." (*Id.*) Although Plaintiff's discovery was served and its motion was filed before the District Court's ruling, this Court will analyze the discovery requests at issue under the District Court's specific limitation.

## DISCUSSION

The discovery requests at issue in Plaintiff's motion to compel can be grouped into two categories: 1) a request relating to lease payments (Interrogatory No. 12; Doc. 63-7, at 6); and 2) requests relating to IRIS's business relationship with Banc Corp (Request Nos. 9, 10, and 11; Doc. 63-4, at 3-5). The Court finds that Interrogatory No. 12 relating to lease payments, which constitutes the first

2

category, clearly falls outside the District Court's limitation on discovery relating to the agency relationship. As such, this portion of Plaintiff's motion to compel is **DENIED without prejudice**, subject to the District Court's ruling on any potential motions for summary judgment contemplated in the District Court's Memorandum and Order.

The second category of discovery requests, however, appears to fall squarely within the District Court's limitation. Plaintiff seeks documents "concerning . . . IRIS's business relationship . . . with Banc Corp" (Request No. 9), copies of "corporate resolutions, board minutes, committee minutes, officer minutes, history sheets and proposals" concerning IRIS'S business relationship with Banc Corp (Request No. 10), and correspondence and communication between Banc Corp and IRIS (Request No. 11). (*See* Doc. 63-4, at 3-5.) Plaintiff contends the documents are discoverable because its claims "arise out of and involve allegations of *respondeat superior* and vicarious liability . . . ." (Doc. 64, at 6.)

IRIS makes certain objections regarding the relevance or discoverability of the requested information. For instance, in response to each of the document requests at issue, IRIS argues that "[a]ny request for ancillary documents discussing or otherwise mentioning a business relationship with Banc Corp has no bearing upon the actual terms of IRIS' assignments to Banc Corp." (*See id*.) IRIS

3

continues that "Plaintiff has not pleaded or otherwise asserted that parol evidence is necessary to decipher the intent behind the assignment instruments given by IRIS to Banc Corp." (*Id.*)  In the Court's opinion, these objections relate more to issues of admissibility at trial as opposed to discoverability.

Fed. R. Civ. P. 26(b) states that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  As such, the requested information must be both nonprivileged and relevant to be discoverable.  IRIS has made no objections based on claims of privilege.  (*See* Doc. 63-4, at 3-5.)  The Court's analysis will, therefore, address the issue of relevance.

"'Discovery relevance is minimal relevance,' which means it is possible and reasonably calculated that the request will lead to the discovery of admissible evidence."  ***Teichgraeber v. Memorial Union Corp. of Emporia State University***, 932 F.Supp. 1263, 1265 (D. Kan. 1996) (internal citation omitted).  "Relevance is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility the information sought may be relevant to the subject matter of the action."  ***Smith v. MCI Telecommunications Corp.***, 137 F.R.D. 25, 27 (D.Kan.1991).  Stated another way,

4

"discovery should ordinarily be allowed unless it is clear that the information sought can have no possible bearing on the subject matter of the action." *Snowden By and Through Victor v. Connaught Lab.*, 137 F.R.D. 325, 341 (D.Kan.1991), appeal denied, 1991 WL 60514 (D.Kan. Mar. 29, 1991).

The Court finds that Plaintiff's document requests at issue to meet "the broad and liberal construction afforded by the federal discovery rules," *Sonnino v. University of Kansas Hosp. Authority*, 221 F.R.D. 661, 670-171 (D.Kan. 2004), and are discoverable. Although the Court has concerns regarding the sweeping nature of certain of the document requests, IRIS did not raise any objections regarding scope in response to the discovery. Such objections are, therefore, waived and will not be considered by the Court. Thus, the portion of Plaintiff's motion to compel relating to Requests for Production Nos. 9, 10, and 11 is **GRANTED**.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel (Doc. 63) is **DENIED without prejudice** in regard to Interrogatory No. 12 and **GRANTED** in regard to Request for Production Nos. 10, 11, and 12, as more fully set forth above.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas, on this 4th day of January, 2011.

        s/Kenneth G. Gale
        KENNETH G. GALE
        United States Magistrate Judge