# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BANK OF COMMERCE & TRUST COMPANY, | )<br>)<br>) |
|     Plaintiff/Counterclaim Defendant, | )<br>)<br>) |
| vs. | ) Case No. 09-1275-MLB-KGG<br>)<br>) |
| IRIS INTERNATIONAL, INC., | )<br>) |
|     Defendant/Counterclaim Plaintiff, | )<br>)<br>) |
|     and | )<br>) |
| FIRST STATE BANK OF LIVINGSTON, TEXAS, | )<br>)<br>) |
|     Third-Party Defendant. | )<br>) |

## **MEMORANDUM AND ORDER**

The Plaintiff's Motion for Leave to File First Amended Complaint (Doc. 70) is granted. Although the proposed amended complaint amends the plaintiff's legal theories, it is based on and arises out of the same facts as the original complaint. The defendants have not shown the proposed amendments to be futile.

Leave to amend "shall be freely given when justice so requires." Fed.R.Civ. P. 15(a)(2). The Court may justifiably refuse leave to amend on grounds of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies previously

allowed, or futility of the proposed amendment. ***Ferluga v. Eickhoff***, 408 F.Supp.2d 1153 (D.Kan. 2006). A motion to amend may be denied as futile only if "the proposed amendment could not have withstood a motion to dismiss or otherwise failed to state a claim." ***Schepp v. Fremont County***, 900 F.2d 1448, 1451 (10th Cir. 1990).

Defendant IRIS International opposes the proposed amendment, in part, claiming that the motion represents an acknowledgment by the plaintiff that it faces an "uphill" battle in proving the case as currently pled. While an amendment in such a situation is no doubt frustrating to the defense, it is not improper. The defendant also protests that the plaintiff has not discovered "new" facts which support a change of theory. The plaintiff disagrees. However, newly discovered facts are not necessary to support a motion to amend. Rather, the question in that regard is whether the plaintiff had a dilatory motive, or acted in bad faith or with undue delay. The Court does not find that the plaintiff so acted.

The defendant IRIS claims that the proposed amendments are futile because the theories differ so substantially from the original complaint that the claim will not relate back to the original filing and, thus, be time barred. However, the new claims arise out of the same "conduct, transaction, or occurrences" previously alleged and, thus, likely will relate back for that purpose. ***See generally Spillman v. Carter***, 918 F.Supp. 336 (D.Kan. 1996). The defendant's criticism that new allegation of fraud is

deficient (Fed.R.Civ.P. 9(b)) has some attraction, and certainly the plaintiff's descriptions of the misrepresentations and concealment are minimal. However, the complaint is that the non-party Banc Corp assigned to the plaintiff, for value, leases which it had previously sold to another party, and that Banc Corp did so as the agent of defendant IRIS. The Complaint adequately alleges fraud by the non-party, and the allegations against IRIS will turn on proof of the alleged agency. The Court cannot rule that the amendment is futile in that regard. Of course, the adequacy of the complaint may be raised by the defense in motion to dismiss or, after fact development, by motion for summary judgment. This ruling is without prejudice to those efforts.

This case was filed in September of 2009, but has had a slow start. In August of 2010, the parties were still filing initial pleadings. The original complaint was tested by a motion to dismiss which was denied in September. An initial scheduling order was entered in June, and amended by agreement in October. Discovery in this case is on-going, and defendant First State Bank of Livingston has filed a motion to extend the discovery deadline. The defendants are not unduly prejudiced by the proposed amendment.

The plaintiff's motion is granted. The plaintiff shall file its First Amended Complaint on or before January 18, 2011.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas, on this 10th day of January, 2011.

                                             s/Kenneth G. Gale
                                             KENNETH G. GALE
                                             United States Magistrate Judge